UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTEFANY TRIMINIO MARTINEZ, | CASE NO. C26-0748JLR |
| Petitioner, | ORDER |
| v. | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR, | |
| Respondent. | |

## I.   INTRODUCTION

Before the court is *pro se* Petitioner Estefany Triminio Martinez's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet. (Dkt. # 4).)  The Government[1] opposes

---

[1] The Federal Respondent is Immigration and Customs Enforcement ("ICE") Field Office Director (referenced herein as the "Government").  The proper respondent, however, for a § 2241 petition is "the person who has custody over" the petitioner.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243); *Doe v. Garland*, 109 F.4th 1188,

ORDER - 1

the petition.  (Return (Dkt. # 7).)  Petitioner did not file a traverse.  (*See generally* Dkt.)  The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court GRANTS the petition.

## II.    BACKGROUND

Petitioner is a citizen of Honduras who entered the United States without admission or inspection on February 1, 2022, at or near the Eagle Pass, Texas, port of entry.  (Soraghan Decl. (Dkt. # 8) ¶ 3.)  The Government initially transported Petitioner to Uvalde, Texas, and subsequently served her a Notice to Appear.  (*Id.* ¶ 3; Morris Decl. (Dkt. # 9) ¶ 2, Ex. 1 (Notice to Appear).)  Following an age re-determination with the assistance of the Honduran Consulate, on April 13, 2022, the Government (1) released Petitioner on an Order of Release on Recognizance ("OREC") and (2) enrolled her in an Alternative to Detention ("ATD") program.  (Soraghan Decl. ¶¶ 4-5.)  On July 13, 2022, Petitioner filed an application for asylum and withholding of removal and Convention against Torture.  (*Id.* ¶ 6.)  On April 21, 2025, after Petitioner unsuccessfully petitioned the Dallas Immigration Court to continue her immigration proceedings, the Dallas Immigration Court denied her requests for relief from removal and ordered her removed to Honduras.  (*Id.* ¶ 8.)  Petitioner appealed the IJ's decision and that appeal remains pending.  (*Id.*)

---

1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigration detainee's direct custodian was not named as respondent).  Because Petitioner represents that she is currently detained at the Northwest ICE Processing Center, the proper respondent for this action is the individual in charge of that facility.  Accordingly, the Clerk is DIRECTED to name Bruce Scott, Warden of the Northwest ICE Processing Center, as a Respondent in this action.

ORDER - 2

On September 12, 2025, DHS Enforcement and Removal Operations ("ERO") took Petitioner into custody purportedly because "a check of systems revealed that Petitioner had a Final Order of Removal." (*Id.* ¶ 9; Soraghan Decl. ¶ 2, Ex. 3 (Warrant).) On October 4, 2025, the Government transferred Petitioner to the Northwest ICE Processing Center, where she has since remained. (Soraghan Decl. ¶ 9.) In December 2025, Petitioner unsuccessfully petitioned the Tacoma, Washington, Immigration Court for release on bond. (*Id.* ¶ 10.) Both parties waived appeal of the IJ's bond decision. (*Id.*)

The Government represents that on or around March 4, 2026, Petitioner asked ERO to remove her to Honduras. (*Id.* ¶ 11.) The Government informed Petitioner that ERO cannot effectuate her removal to Honduras during the pendency of her appeal to the Board of Immigration Appeals. (*Id.*) On March 5, 2026, after six months in federal custody, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking her immediate release or, in the alternative, a bond hearing. (Pet. at 2, 8.) The petition is now fully briefed and ripe for the court's consideration.

### III.   ANALYSIS

Habeas petitioners must provide by preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all

ORDER - 3

'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Thus, even when the Government believes it has a lawful basis for detaining a noncitizen, it remains subject to the requirement to effectuate that detention in a manner that comports with due process. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320 (W.D. Wash. 2025) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

**A.     Petitioner is not Detained Under 8 U.S.C. § 1225(b).**

As a preliminary matter, the Government asserts that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b) pending removal proceedings. (*See generally* Return.) The record, however, shows that the Government has not considered Petitioner to be detained under § 1225(b) since at least April 13, 2022, when it released her on an OREC. (Soraghan Decl. ¶ 5 (stating that Petitioner was released from federal custody on an OREC and monitored via an ATD program).) In concluding that Petitioner is not detained under § 1225(b), the court adopts the Honorable Judge Tana Lin's reasoning in *Rana v. Bondi*, No. C26-0244-TL, 2026 WL 472800, at *1 (W.D. Wash. Feb. 19, 2026), a case that is undeniably similar to the case at bar. In *Rana*, the Government arrested the

ORDER - 4

petitioner after he entered the United States without inspection and subsequently released him on an OREC. *Rana*, 2026 WL 472800, at *1. Despite the petitioner's compliance with the conditions of his OREC and lack of criminal history, the Government re-detained him without notice or a pre-deprivation hearing. *Id.* In granting the petitioner's petition for writ of habeas corpus, the *Rana* court concluded that (1) the petitioner was not detained under § 1225 and (2) the Government violated the petitioner's due process rights because it did not comply with the law or regulations governing revocation of an OREC. *Id.* *4-5. In reaching this conclusion, the *Rana* court, in pertinent part, credited evidence showing that the Government considered the petitioner detained under 8 U.S.C. § 1226. *Id.* (stating that the Notice of Custody Determination and OREC referred to Section 1226).) When a petitioner is detained pursuant to § 1225, the only statutory exception to such detention is parole under 8 U.S.C. § 1182(d)(5)(A). *Rana*, 2026 WL 472800, at *3. Thus, the *Rana* court reasoned that "if Petitioner was truly subject to mandatory detention under § 1225, [the Government] could never release him under § 1226." The facts of the instant case are very similar to those of *Rana*. The Government previously released Petitioner on an OREC and, despite her full compliance with the conditions of the OREC, re-detained her without notice or a pre-deprivation hearing. (*See generally* Return.) Petitioner's warrant states that the Government re-detained her pursuant to section 236 of the Immigration and Nationality Act—that is, 8 U.S.C. § 1226. (*See* Soraghan Decl. ¶ 5; Warrant.) Consequently, the court concludes that Petitioner is not detained under § 1225(b).

ORDER - 5

**B.     Petitioner's Re-Detention Violates Her Due Process Rights**

Next, as to Petitioner's due process rights, the Government's conduct is deficient in several ways.  Because Petitioner challenges an administrative action depriving her of her liberty, the *Mathews* balancing test applies here.  The *Mathews* test determines whether an administrative procedure provides the process constitutionally due and weighs three factors: (1) the petitioner's private interest, (2) the risk of an erroneous deprivation, and (3) the Government's interest.  *See Mathews*, 424 U.S. at 335.  In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that the *Mathews* test applies in "the immigration detention context."  53 F.4th 1189, 1206-07 (9th Cir. 2022).  District courts in this Circuit have applied the *Mathews* test in similar circumstances since then. *See, e.g.*, *Torres v. Hermosillo*, No. C25-2687LK, 2026 WL 145715, at *6 (W.D. Wash. Jan. 20, 2026); *Sira-Hurtado v. Hermosillo*, No. C25-2173KKE, 2025 WL 3294986, at *2 (W.D. Wash. Nov. 26, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025).

The court concludes that the *Mathews* test compels a finding that due process required the Government to provide Petitioner notice and an opportunity to respond *before* depriving her of her liberty.  In so holding, the court adopts the Honorable Kymberly K. Evanson's reasoning in *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) and finds (1) Petitioner's interest in not being detained is "the most elemental of liberty interests[,]" (2) the risks of erroneous deprivation of liberty are high, and (3) the Government's interest in arresting and detaining a noncitizen without a hearing is low where the noncitizen was previously released.  *Id*. at 1320-24 (citation

ORDER - 6

omitted).  It is undisputed that the Government revoked Petitioner's OREC without notice or a pre-depreivation hearing.  (*See generally* Return.)  Further, it is undisputed that Petitioner has no criminal history and did not violate the terms of her OREC.  (*Id.*)  Therefore, the court concludes that the *Mathews* factors weigh in Petitioner's favor and her re-detention without notice or a pre-deprivation hearing violated her due process rights.  *See also A.B.J.C. v. Hermosillo*, No. C26-0185JNW, 2026 WL 497097, at *2 (W.D. Wash. Feb. 23, 2026) (compiling cases in this District and elsewhere in which courts required the Government to provide due process to noncitizens before revoking supervised release and re-detaining them).

Finding that Petitioner is entitled to relief under the Fifth Amendment, the court will grant her habeas petition.

//

//

//

//

//

//

//

//

//

//

//

ORDER - 7

## IV.   CONCLUSION

Accordingly, the court ORDERS as follows:

(1) The petition for a writ of habeas corpus (Dkt. # 4) is GRANTED;

(2) The Government SHALL release Petitioner Estefany Triminio Martinez from detention within FORTY-EIGHT (48) hours subject to the conditions of her most recent Order of Release on Recognizance;

(3) Within SEVENTY-TWO (72) hours of this Order, the Government SHALL file with the court a status report confirming that Petitioner has been released from custody and informing the court of the date and time of her release.

Dated this 6th day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 8